
EOD
01/26/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE W. BARTHOLD, JR., aka | § | Case No. 05-44086 |
| SONNY BARTHOLD and | § | (Chapter 7) |
| VIRGINIA S. BARTHOLD aka | § | |
| SUZEN BARTHOLD, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| CATTLEMEN'S LIVESTOCK | § | |
| COMMISSION CO., LTD., CHARLES | § | |
| MALLICOTE and LAURIE | § | |
| MALLICOTE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. No. 05-4225 |
| | § | |
| JOE W. BARTHOLD, JR., aka | § | |
| SONNY BARTHOLD and | § | |
| VIRGINIA S. BARTHOLD aka | § | |
| SUZEN BARTHOLD, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING PLAINTIFFS' CLAIMS AGAINST
<u>JOE W. BARTHOLD, JR. aka SONNY BARTHOLD</u>**

This adversary proceeding is before the Court following a trial of the complaint by Cattlemen's Livestock Commission Co., Ltd., Charles Mallicote and Laurie Mallicote (collectively, the "<u>Plaintiffs</u>") against Joe W. Barthold, Jr. aka Sonny Barthold and Virginia Barthold aka Suzen Barthold.  The Plaintiffs and Mrs. Barthold appeared for trial and announced a settlement as to the Plaintiffs' claims against Mrs. Barthold. However, Mr. Barthold failed to appear for trial to defend against the Plaintiffs' claims.

The Court, having considered the pleadings and evidence presented at trial as well as the arguments of counsel, makes the following findings of fact and conclusions of law regarding the Plaintiffs' claims against Mr. Barthold (the "Defendant"):

1. On August 2, 2005 (the "Petition Date"), the Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2. On August 2, 2005, the Defendant filed schedules and a statement of his financial affairs.

3. The Defendant failed to disclose all of his personal property on his Schedule B.

4. After the Petition Date, the Defendant sold undisclosed and non-exempt assets.

5. Prior to the Petition Date, the Defendant was in the business of buying and selling cattle.

6. In or around October and November 2003, the Defendant purchased cattle from the Plaintiffs. The Defendant delivered several checks to the Plaintiffs as payment for the cattle.

7. The Defendant's checks numbered 2645, 2646, 2752, 2753, 5588, 5589 and 5590 were written on account number 2012146 at the First National Bank of Saint Jo. Each check was returned for insufficient funds with a further notation that the account was closed.

8. At the time the Defendant delivered each of the above-referenced checks to the Plaintiffs, the Defendant knew that there were no funds in the account.

9. There was an objective, substantial certainty that the Defendant's failure to pay for the cattle he obtained from the Plaintiffs would harm the Plaintiffs.

10. After taking into account all payments and offsets, $109,316.03 remained due and owing to the Plaintiffs as of the Petition Date.

11. The Defendant failed to keep or preserve books, documents, records and papers from which his business transactions might be ascertained. More particularly, the Defendant failed to retain adequate records relating to the purchase of cattle and the proceeds received from the subsequent sale of the cattle.

12. The Defendant failed to explain satisfactorily a loss of assets or deficiency of assets to meet his liabilities, including the Defendant's failure to explain or account for the post-petition sale of non-exempt, undisclosed assets.

13. The Court concludes that the Plaintiffs sustained the burden of proof on a claim pertaining to the concealment, destruction, mutilation, falsification, or failure to keep or preserve recorded information under 11 U.S.C. §727(a)(3).

14. The Court further concludes that the Plaintiffs sustained their burden of proof on a claim pertaining to the failure to explain the loss of assets or insolvency under 11 U.S.C. §727(a)(5).

15. Finally, the Court concludes that the Plaintiffs sustained their burden of proof on a claim pertaining to willful and malicious injury under 11 U.S.C. §523(a)(6).

16. The Court will enter a judgment for the Plaintiffs consistent with these findings and conclusions.

17. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be

a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings as necessary or as requested by any party.

Signed on 1/26/2007

*Brenda T. Rhoades*   MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

4